# SUPREME COURT.

## LODOISKA M. BRISBANE agt. ALBERT BRISBANE.

*Divorce — Punishment for contempt — Power of the court to strike out a defendant's answer who is in contempt in not paying alimony and counsel fees — Code of Civil Procedure, secs. 1773 and 2281.*

The provisions of the Code of Civil Procedure for fine and imprisonment of a husband in default for non-payment of alimony do not interfere with or restrict the power of the court to strike out the answer of a disobedient defendant in a divorce suit.

*Kings County Special Term, June,* 1884.

*Brewster Kissam,* for plaintiff.

*F. H. Van Vechten,* for defendants.

BARTLETT, *J.*— This is a motion to strike out the answer unless the defendant shall, within five days, pay to the plaintiff the counsel fee and alimony he has heretofore been ordered to pay. There is no controversy before me as to the facts. An order has been duly made requiring the defendant to pay alimony at the rate of twenty-five dollars a week and a counsel fee of $500. In March last the defendant was personally served with a copy of this order and a demand was made upon him for payment of the sum due at that time thereunder then amounting to $1,625. He paid nothing, and the moving papers indicate that he has kept out of the state since then to avoid making payment under the compulsory process of the court. His counsel does not contradict the allegations to this effect, but relies solely upon the objection that the court has no power to punish the defendant for his disregard of its formal order by now striking out his answer.

The power thus questioned undoubtedly exists unless it has been taken away by competent legislation since the orders were made which were reviewed by the court of appeals in

the case of *Walker* agt. *Walker* (82 *N. Y.*, 260). These orders were similar to that which the plaintiff seeks in the present suit, and were sustained on the ground that the supreme court of this state on its equity side has all the power and authority that formerly belonged to the court of chancery in England, and that the power to refuse to hear a defendant when he was in contempt had long been exercised by that tribunal.

But the defendant's counsel argues that the court has been deprived of this power by the second part of the new Code of Civil Procedure (*chaps.* 14 *to* 22), which went into effect after the orders were made which were the subject of review in the *Walker case*, and he refers to sections 1773 and 2281 as prescribing the only course now permitted by law in such a case as the present.

I do not think these provisions were intended to affect the chancery power to disregard the answer of the defendant, who is in contempt. It is true that section 1773 does provide for proceedings under title third of chapter 27 of the Code to punish a husband in default for non-payment of alimony, and under section 2281, which is included in that title, a fine or sentence of imprisonment, or both, may be inflicted upon him. So far as punishment by fine or imprisonment is concerned he must now be proceeded against as prescribed in that portion of the Code. I find nothing, however, to indicate an intention on the part of the legislature to protect parties who are thus punishable against other and different consequences of their contempt, when those consequences do not involve fine or imprisonment, and are such as have heretofore been visited upon disobedient parties in the exercise of the established powers of the court.

This view renders it unnecessary to consider the question whether the power here invoked is one of those inherent powers of the court under the constitution, which the legislature cannot take away by statute. I do not think the legislature has tried to take it away.

In my opinion the decision of the court of appeals, in *Walker* agt. *Walker*, already cited as to the power of the supreme court to strike out the answer of a disobedient defendant in a divorce suit, is a statement of the law on the subject as it exists to-day, no less than of the law as it existed at the time the orders therein question were made.

A proper case for the exercise of the power is presented on this application, and the motion of the plaintiff should be granted.